IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 8:15CV300 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WALMART, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Charles Swift filed his Complaint (Filing No. 1) on August 10, 2015. He also filed a Motion for Leave to Proceed in Forma Pauperis (Filing No. 2). Upon review of Plaintiff's motion, the court finds that Swift is financially eligible to proceed in forma pauperis. The court now conducts an initial review of Swift's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Swift's Complaint does not comply with general pleading requirements. He has sued Walmart for $1,000,000 in monetary damages, but does not explain why he is entitled to relief in this case.

Federal Rule of Civil Procedure 8 requires that pleadings contain "short and plain statement[s]" of the grounds for the court's jurisdiction and of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8. Even when liberally construed, Swift's Complaint raises no claims and makes no allegations against Walmart. Therefore, the Complaint fails to state a claim upon which relief may be granted.

On the court's own motion, Swift will have 30 days in which to file an amended complaint that sufficiently describes his claims against Walmart. Swift should be mindful to explain what Walmart or its employees did to him, when Walmart or its employees did it, and what specific legal right Swift believes they violated. If Swift fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Walmart will be dismissed without further notice. Accordingly,

IT IS THEREFORE ORDERED that:

1. Swift has 30 days in which to file an amended complaint in this matter. Failure to do so will result in the court dismissing this case without further notice to Swift.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 28, 2015: Check for amended complaint.

3. Swift's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is granted.

DATED this 25th day of November, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.