IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHARLES SWIFT, | ) | |
| --- | --- | --- |
| | ) | 8:15CV300 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| WALMART, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on August 10, 2015. (Filing No. 1) Plaintiff filed an Amended Complaint on December 3, 2015. (Filing No. 7.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that on July 17, 2015, he was shopping at a Walmart store in Omaha, Nebraska. (Filing No. 7.) As Plaintiff attempted to leave the store, a Walmart employee stopped him and asked for his I.D. After the Plaintiff refused to provide his I.D., the employee allegedly placed Plaintiff in handcuffs until the police arrived. Plaintiff seeks damages in the amount of $1,000,000,000.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court is not convinced that it has subject-matter jurisdiction over this action. Plaintiff alleges subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Under § 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing § 1332(a)). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).

Here, it appears that Plaintiff's citizenship is different from that of the named Defendant, and Plaintiff alleges the amount in controversy is over $75,000.00. However, the court questions whether the alleged amount in controversy is legitimate where Plaintiff alleges he sustained $1,000,000,000 in damages because he was handcuffed and detained by a Walmart employee. Therefore, the court will require Plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate, and that the court has subject-matter jurisdiction.

IT IS THEREFORE ORDERED that:

1. Plaintiff has until April 18, 2016, to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this order.

3. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: April 18, 2016 deadline for Plaintiff to show jurisdictional amount by preponderance of evidence.

4. To avoid confusion, any document Plaintiff submits to the clerk of the court for filing in this case must clearly display the case number.

DATED this 16th day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge